ALBERT A. KENYON, Administrator, Appellant, *vs.* SOLOMON H. KENYON *et al.*

JULY 6, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Probate Law. Administrators. Interest on Sum Improperly Paid.*

Where a payment was improperly made by an administrator, but was so made under a mistake of law, and was not in any way beneficial to him, he should not be charged with more than six per centum simple interest thereon, from the time of the decision of this court disallowing said sum.

(2) *Administrators. Services of Attorneys For Benefit of Administrator.*

Where the delay of an administrator in administering an estate rendered him liable to removal, services of attorneys in defending him against removal will be disallowed.

(3) *Probate Law. Charges Against Estate.*

A payment, by an administrator, for certain work done on the homestead estate after the death of intestate, under a family agreement, was properly disallowed.

(4)  *Probate Law.    Payment of Distributive Share.*

A distributive share paid in advance of a decree of distribution is improperly
paid, and will be disallowed in the account of the administrator.

(5)  *Probate Law.    Monuments.    Burial Lots.*

The action of a Probate Court, upon petition for leave to erect a monument
and for care of a burial lot, is conclusive.

(6)  *Probate Law.    Payment of Taxes and Insurance.*

Taxes upon real estate and insurance upon buildings, paid by an administra-
tor, are properly disallowed but an administrator is taxable upon per-
sonal property in his hands.

(7)  *Probate Law.    Appeal From Account.*

Upon an appeal from a decree of a Probate Court amending an account, the
whole account can be disputed, and a party is not confined to the reasons of
appeal.

(8)  *Probate Law.    Conclusiveness of Allowed Account.*

Where taxes upon real estate have been paid by an administrator, and his
account allowed by a probate court, without appeal, the court will not, in
an appeal from a later account, open and falsify the former account for
this cause.

(9)  *Probate Law.    Citation of Administrator to Render Account.    Compensa-
tion.*

Where an administrator, cited to render an account under Gen. Laws, 1896,
cap. 219, § 3, filed the account within the thirty days, but did not swear
to it until afterwards, it not being clear from the testimony that no satis-
factory reason was given for not swearing to it, the court will not revise the
charges for compensation allowed him by the Probate Court, and deny com-
pensation.


PROBATE APPEAL.    Heard on exceptions of both parties.
Certain exceptions of appellant allowed.


JOHNSON, J.    This is an appeal by Albert A. Kenyon,
administrator of the estate of Thomas E. Kenyon, from a
decree of the Probate Court of East Greenwich, amending and
allowing, and ordering recorded as amended, the third and final
account of said Albert A. Kenyon, as administrator of said
estate.

The items specified in appellant's reasons of appeal are:

"Because said court amended said account by
　adding to schedule A. the item, to wit, of ......　$485 77
"And by disallowing and striking from schedule
　B. the following items, to wit,
　　　"Frank T. Kenyon ......................　349 00
　　　"Estate of Elizabeth N. Kenyon ..........　1,834 84
　　　"Edwards & Angell atty's fees ...........　150 00
　　　"Samuel W. K. Allen, atty's fees .........　150 00
　　　"Administrator's services ...............　1,000 00
　　　"And amount allowed for monument ......
　　　"Amount allowed for care of burial lot.
"And computing balance in the hands of the ad-
　ministrator at the sum of ..................　5,007 41"

The appeal was heard in the Superior Court before Tanner, P. J., without a jury, December 20, 1909, and on January 13, 1910, the following rescript was filed.

"This case is heard upon the appeal of the administrator from the decree of the Probate Court of East Greenwich, upon the allowance of his third and final account.

"*First:* As to the interest charged by the Probate Court in schedule A, the amount of $485.77.

"We think under the circumstances that the administrator should pay only 4 per cent. interest, compounded semi-annually on the $6,000 paid by him improperly, up to the time of the rendering of the decision of the Supreme Court. The payment appears to have been made under a mistake of law, but was not in any way beneficial to the administrator. From the time of the rendering of the decision of the Supreme Court to the time when he filed his final account we think he should be charged with 6 per cent. compound interest. We think he should be allowed 4 per cent. compound interest on bills paid by him from his own funds till he re-imbursed himself from the estate.

(2)　"*Second:* As to the services of attorneys in litigating the $6,000 payment.

"We think these services were for the benefit of the administrator and not for the benefit of the estate. They are there-

fore disallowed.   So far as they are for services in defending
the administrator against removal, we think they should be
disallowed, since the great delay of the administrator in admin-
istering this estate rendered him liable to removal.

"*Third:*   As to the item of $349 for the services of Frank
T. Kenyon.

(3)   "If this claim had been allowed by the Probate Court and
we were asked to re-open the account, we would refuse to do so
on the authority of *Hall* v. *Anthony*, 13 R. I. 224; but it is not
a proper claim against the estate, and never having been allowed
by the Probate Court, we must refuse to allow it.

"*Fourth:*   As to the item of $1,834.84 paid to the estate of
Elizabeth Kenyon.

(4)   "This seems to have been paid as a distributive share in
advance of a decree of distribution.   It is, therefore, improp-
erly paid and must be disallowed.

(5)   "*Fifth:*   As to the petition for leave to erect a monument
and for care of the burial lot.

"We think the action of the Probate Court was conclusive.
(Ct. & Pr. Act, Sections 814 & 969.)   These items are therefore
disallowed.

"*Sixth:*   We do not think the administrator is entitled to
any further compensation.   His great delay in settling this
estate deprives him of consideration in this respect.   What he
has done since the second account has been for his own benefit.

"*Seventh:*   We are of the opinion that the whole account
can be disputed by the appellees, who are not confined to the
reasons of appeal filed by the appellant.   As before stated, if
the taxes and insurance had been allowed by the Probate Court,
we should not feel like disturbing them except for fraud, but
they are not proper charges and as the matter is before us
*de novo*, the charges for insurance and taxes on the third account
are disallowed.

"*Eighth:*   As to falsifying and surcharging the former
accounts.

(8)   "We think the burden was on the appellees to show that the
administrator did not account for the interest.   He testifies

that he did.　We shall not therefore charge him with interest on the first account.

"We think he should be charged with the amount of taxes which he has been allowed in excess of what he actually paid. As to the taxes actually paid by him and allowed in former accounts, we think the case is governed by *Hall* v. *Anthony,* 13 R. I. 224.

"*Ninth:* ·We do not feel at liberty to revise the charges for services and counsel fees in the second account.　The second account was filed in time but not sworn to until afterwards. We think it would be unduly technical to hold that under such circumstances the administrator is entitled to no compensation; neither is it clear from the testimony that he gave no satisfactory reason for not swearing to it before.

"Decree may be entered in accordance with this decision."

To this decision both the appellant and the appellees duly excepted.

The appellant's exceptions are set out in his bill of exceptions, as follows:

"The court ruled and decided that the administrator should pay to the estate 4 per cent. compound interest on the $6,000, paid by him improperly up to the time of the rendering of the decision by the Supreme Court and from the time of rendering such decision by the Supreme Court to the time when he filed his final account he should be charged 6 per cent. compound interest.　To which ruling the appellant then and there excepted.

"The court ruled that the bill of three hundred ($300) dollars for legal services charged in the administrator's account, should not be allowed and disallowed the same.　To which ruling the appellant then and there excepted.

"The court ruled further that the item of three hundred and forty-nine ($349) dollars, the bill of Frank T. Kenyon, should not be allowed in said account and disallowed the same.　To which ruling the appellant then and there excepted.

"The court further ruled that the item of eighteen hundred thirty-four $^{84}/_{100}$ ($1,834.$^{84}/_{100}$) dollars, the amount paid the

estate of Elizabeth N. Kenyon ought not to be allowed in said account and disallowed the same.    To which ruling the appellant then and there excepted.

"The court further ruled that the decision of the Probate Court in the matter of the application for leave to erect a monument at the grave of the intestate and for an allowance for the care of the burial lot was conclusive under the provisions of sections 814 and 969 of the Court and Practice Act. And they must therefore be disallowed, and so disallowed them.    To which ruling the appellant then and there excepted.

(7)    "The court further ruled that the whole account could be disputed by the appellees and that the examination of the account should not be confined to the reasons of appeal filed in the case by the appellant and that the consideration of the entire account was before the court, *de novo*, and disallowed the charges for insurance and taxes in said account which have been allowed by the Probate Court and from which allowance no appeal had been taken.    To which ruling the appellant then and there excepted."

The appellees' exceptions are set out in his bill of exceptions, as follows:

"*First.*   That said decision was erroneous, contrary to law, and prejudicial to your appellees, in that it did not open the first and second accounts on the ground of manifest mistake and falsify said accounts as to the amounts allowed in said first and second accounts for taxes upon real estate and for insurance.

"*Second.*   That said decision was erroneous, contrary to law and prejudicial to your appellees in that said decision did not open said first and second accounts on the ground of fraud and falsify said accounts as to the amounts allowed in said first and second accounts for taxes upon real estate and for insurance.

"*Third:*   That said decision was erroneous, contrary to law and prejudicial to your appellees in that said decision did not surcharge the third and final account with a sum equal to the amounts allowed on the first and second accounts for taxes upon

the real estate and insurance with interest from the time when these items were allowed.

"*Fourth:* That said decision was erroneous, contrary to law, and prejudicial to your appellees in that said decision did not falsify the second account as to the items of administrator's services and counsel fees on the ground of manifest mistake, as it appears from the record that Albert A. Kenyon as administrator of the estate of Thomas E. Kenyon did not render an account within thirty days of the time when he was cited to render an account as required by section 3 of chapter 219, of the General Laws of 1896 and as it appears that he gave no satisfactory reason to the Probate Court for his failure to do so.

"*Fifth:* That said decision was erroneous, contrary to law, and prejudicial to your appellees in that it did not surcharge the third and final account with a sum equal to the items of administrator's services and counsel fees allowed in the second account with interest from the date of such allowance.

"*Sixth:* That said decision was erroneous, contrary to law, and prejudicial to your appellees in that it charged the administrator with only 4 per cent. compound interest on the $6,000, paid by him improperly up to the time of the rendering of the decision of the Supreme Court.

"*Seventh:* That said decision was erroneous and contrary to law, and prejudicial to your appellees in that it did not charge the administrator with 6 per cent. compound interest from the time when it became the administrator's duty to distribute the estate up to the time of entry of decree ordering final distribution of said estate.

"*Eighth:* That said decision was erroneous, contrary to law and prejudicial to the appellees in that said decision did not charge the administrator with interest on the ground that the said administrator did not charge himself with interest in the first account filed by him."

The case is now before us on these two bills of exceptions.

(1)    As to the appellant's first exception, to the allowance of the item of $485.77 for interest charged, in the account as amended,

to the administrator, it appears that the payment of the $6,000 to Thomas E. Kenyon was made, as the court said, under a mistake of law and was not in any way beneficial to the administrator. Such being the case, we do not think he should be charged with more than six per centum simple interest from the time of the decision of the Supreme Court disallowing said sum. *Almy* v. *Probate Court of Newport,* 18 R. I. 612; C. P. A. § 1003; Gen. Laws, 1909, cap. 319, § 9. These statutes provide that the administrator in case of unreasonable detention of money shall be charged with interest " at a rate not more than six per centum, per annum." Gen. Laws, 1896, cap. 219, § 9, is to the same effect. See also *White* v. *Ditson,* 140 Mass. 351, cited in *Almy* v. *Probate Court of Newport, supra.* As the allowance of four per centum compound interest on said sum, up to the decision of the Supreme Court disallowing the same, is not at a rate greater than six per centum per annum, we see no error in such allowance.

(6)   As to the appellant's sixth exception: The disallowance of the charges for taxes, so far as the taxes were on personal estate, was error. An administrator is taxable upon personal property in his hands. Gen. Laws, 1896, cap. 45, § 9; Pub. Laws, 1905, cap. 1246, § 4, amending Gen. Laws, 1896, cap. 45, § 9; Gen. Laws, 1909, cap. 57, § 9.

The appellant's first and sixth exceptions are sustained. The appellant's other exceptions are overruled.

As to the appellees' exceptions, we see no error in the decision of the presiding justice. The appellees' exceptions are overruled.

Cause remitted to the Superior Court, with direction to enter a decree in accordance with this opinion.

*Samuel W. K. Allen,* for appellant.
*Harvey A. Baker,* for appellees.